# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INDICTMENT** |
| v. | S1 19 Cr. 382 (AKH) |
| DAVID SMOTHERMON, | |
| Defendant. | |

### COUNT ONE
### (Wire Fraud)

The Grand Jury charges:

1.      From at least in or about December 2015, up to and including at least in or about September 2016, in the Southern District of New York and elsewhere, DAVID SMOTHERMON, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, SMOTHERMON concealed substantial losses in his trading book by causing false entries to be made in an accounting system used by the financial firm for which he worked and mismarking his trading positions, leading the firm to substantially overvalue various positions it held, in order to obtain a discretionary bonus to which he would not have been entitled, and in connection therewith and in furtherance thereof, caused others to send and receive, and sent and received, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

2.      As a result of committing the offense charged in Count One of this Indictment, DAVID SMOTHERMON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

3.      If any of the above described forfeitable property, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

2

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


FOREPERSON

5/14/2024

Damian Williams
DAMIAN WILLIAMS
United States Attorney

3